# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAMON ALVARADO, JR.,**

    Plaintiff,

  v.                                          Case No. 21-CV-183

**BRIAN FOSTER,** *et al.***,**

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Ramon Alvarado, Jr., a Wisconsin inmate representing himself, brings this lawsuit under 42 U.S.C. § 1983. Alvarado asserts a Fourteenth Amendment due process claim based on the alleged denial of his request to present a witness and evidence during a disciplinary hearing, which he alleges would have proven his innocence. Before me is the defendants' motion for summary judgment on the ground that Alvarado failed to exhaust the administrative remedies before he filed this lawsuit. For the reasons explained below, the court will deny Defendants' motion.

## RELEVANT FACTS

Alvarado alleges that defendant Andrew Moungey issued him a conduct report for making threats, disobeying orders, disruptive conduct, and misuse of medication. According to Alvarado, his request to call a witness and present documentary evidence at his disciplinary hearing was denied. Alvarado asserts that, as a result of

this denial, he was found guilty of all charges and received a disposition of 150 days in segregation. He further asserts that, while in segregation, Moungey would "ridicule [him] about the size of [his] penis, deny [him] his meal trays, showers, legal recreation and recreation, he would deny [Alvarado] reading books and cleaning supplies[, and] when [Alvarado was] out of his cell for health services he [would] search [his] cell and destroy [his] property." (ECF No. 12 at 2; ECF No. 11 at 5.)

On May 18, 2021, the court screened the amended complaint and allowed Alvarado to proceed on a Fourteenth Amendment due process claim. The court found that, although 150 days in segregation did not on its own implicate a liberty interest, the amount of time Alvarado was in segregation combined with the severity of the alleged conditions in segregation were sufficient to implicate a liberty interest. (ECF No. 12.)

The defendants assert that Alvarado filed three inmate complaints related to the procedures he received during the disciplinary process. However, they note that he did not file any inmate complaints about the severity of the conditions he faced while in segregation. (ECF No. 20 at ¶¶1-2.) According to the defendants, because Alvarado must prove that the conditions he faced in segregation were atypical and unduly harsh in order to show that a liberty interest was implicated, Alvarado failed to exhaust the administrative remedies regarding his due process claim because he failed to file any inmate complaints about the conditions he faced while in segregation.

2

# SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'"

*Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

The Prisoner Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

"The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (cleaned up). The defendants assert that, by failing to file an inmate complaint about the conditions in segregation, Alvarado deprived prison officials of the opportunity to remedy those conditions. But Alvarado is not challenging the conditions he faced in segregation; he is challenging only the procedures he received during his disciplinary hearing. Given that he is not seeking relief in connection with the conditions in segregation, there is no reason under the PLRA why he needed to provide prison officials with an opportunity to correct those conditions before he filed this lawsuit.

The defendants conflate what is required for Alvarado to state a due process claim with what is required for him to exhaust the administrative remedies for such a claim. But those are two separate inquiries. To exhaust, Alvarado needed only to provide prison officials with notice of and an opportunity to correct a problem before filing a lawsuit. *Turley*, 729 F.3d at 650. Alvarado has identified the problem as constitutionally insufficient procedures during his disciplinary hearings, and the parties agree that he provided prison officials with notice of that problem before he filed this lawsuit. Accordingly, Alvarado exhausted the administrative remedies in connection with his due process claim, and the defendants' motion for summary judgment on exhaustion grounds will be denied.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 18) is **DENIED.** A scheduling order will be entered separately to move this case toward resolution.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2022.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge